[Crim. No. 2729. Second Appellate District, Division Two.—June 21, 1935.]

THE PEOPLE, Respondent, v. POWELL FANNING, Appellant.

716

Stanley Visel and J. D. Willard for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant was convicted by a jury of first degree murder with recommendation of life imprisonment. He appeals on the ground that the evidence is insufficient to support the judgment of conviction.

For some time defendant and decedent had been living together as husband and wife, although not married to each other. The night prior to the death of decedent defendant had beaten her with a stick, and it is conceded that a long series of quarrels had occurred between the two covering a period of months. On the night in question defendant obtained a gun from the house where they had been living and went in search of decedent. Arriving at the house of a friend, defendant found decedent there. She asked him if she could have a drink and he told her she could have all she wanted and if that was not enough he would give her some money to buy more, because she would need it when he got through with her. Decedent said she was not going with defendant, whereupon he grabbed her by the arm and out of her chair and had her put her coat on. He later carried her to the front door, and as she resisted he struck her on the head with his hand. When his hostess told defendant he could not beat decedent in her home he replied: "I won't raise no sand in the house but there will be hell to pay when I get her out of here." The gun was seen in possession of defendant at that time. The two went out and across the street to the automobile of a friend of defendant and entered the rear

seat. Here they struggled, the deceased saying to the driver, "Sammy, don't let Powell hurt me." Defendant claims he was hitting decedent over the head with the gun when it went off accidentally. At the inquest the county autopsy surgeon attributed the death to a bullet wound in the head, and said he had discovered recent bruises over the right eye and over various parts of the body. From testimony of a ballistic expert it appears that the gun must have been fired by a definite hard pressure on the trigger.

■ The affectionate relations existing between the parties, the excessive indulgence of decedent in liquor and the prompt insistence of appellant after the shooting that they go at once with the body to the police station, were doubtless considered by the jury before arriving at a verdict. They reached their conclusion after listening to appellant's story and seeing him dramatize the occurrence as he recalled it. Their determination that appellant had committed the crime of murder as defined by sections 187, 188 and 189 of the Penal Code is supported by the record before us, and is therefore final.

Judgment affirmed.

Crail, J., and Stephens, P. J., concurred.